THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS SAINE,<br><br>　　　　　　Defendant. | CASE NO. CR17-0228-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Nicholas Saine's motion for early termination of supervised release (Dkt. No. 19). Having thoroughly considered the parties' briefing, input from U.S. Probation, and the balance of the record, the Court hereby DENIES the motion for the reasons explained herein.

## I.　　BACKGROUND

In 2014, Mr. Saine pleaded guilty in the Eastern District of Louisiana to one count of possession of materials involving the sexual exploitation of minors. (Dkt. No. 2-2 at 1.) The Court imposed 37 months of imprisonment followed by five years of supervised release. (*Id.* at 2–3.) In August 2016, Mr. Saine was released from prison and began serving his term of supervised release in this District. Jurisdiction was transferred here in 2017. (Dkt. No. 1.) Mr. Saine's term of supervised release is scheduled to end on August 3, 2021. (*Id.*)

Mr. Saine asks the Court to terminate the balance of his supervised release. He argues

that early termination is appropriate given his background and personal history, his compliance with the terms of his supervision for the past four years, and his successful completion of sex offender treatment. (Dkt. No. 19 at 1, 4; Dkt. No. 19-1.) The Government opposes early termination given the nature of the underlying offense and the need to protect the community. (Dkt. No. 22.) According to U.S. Probation, Mr. Saine's performance on supervision has been outstanding, but U.S. Probation does not endorse early termination because of its general policy of declining to do so in sex offense cases.

## II.     DISCUSSION

A court may terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §§ 3564(c), 3583(e). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *see also United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014). Early termination of supervised release should be granted only "[o]ccasionally" when "changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).

The Court has considered the factors in 18 U.S.C. § 3583(e) and, after careful consideration, finds that early termination is not warranted. The nature and circumstances of Mr. Saine's offense were very serious, as he sought and obtained four child pornography videos. *See United States v. Saine*, Case No. CR13-0256-KDE, Dkt. No. 45 at 2–3 (E.D. La. 2014). The

Court recognizes that Mr. Saine does not have any other criminal history and that, since his release from prison, he has maintained steady employment, complied with his terms of supervision, and successfully completed sex offender treatment. *See* Dkt. No. 19-1. Without minimizing this highly commendable post-incarceration conduct, which demonstrates a commitment to prosocial behavior, the Court finds that Mr. Saine's compliance with supervision conditions and resumption of employment are expected milestones that do not render continued supervision no longer appropriate. *See, e.g.*, *United States v. Grossi*, 2011 WL 704364, slip op. at 2 (N.D. Cal. 2011) (finding that "[m]ere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination"). Mr. Saine's good progress on supervised release demonstrates that continued supervision can be expected to further his rehabilitation and keep serving as a legitimate disincentive to resume any criminal behavior. Mr. Saine received the minimum term of supervised release for his offense, and that term remains suitably tailored to the offense conduct. *See United States v. Saine*, Case No. CR13-0256-KDE, Dkt. No. 44 at 2 (citing 18 U.S.C. § 3583(k)). Terminating supervised release now would not adequately reflect the seriousness of the offense, deter criminal conduct, or protect the public from future crimes.

### III.   CONCLUSION

For the foregoing reasons, Mr. Saine's motion for early termination of supervised release (Dkt. No. 19) is DENIED.

DATED this 11th day of January 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE